CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 02 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PATRICK CLEOFOSTER JONES, II ) | |
| ) | Criminal No. 7:10cr00070 |
| Petitioner, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Samuel G. Wilson |
| ) | United Sates District Judge |
| Respondent. ) | |

This is a motion pursuant to 28 U.S.C. § 2255 by Patrick Jones, a federal inmate proceeding *pro se*, claiming that his counsel rendered ineffective assistance in failing to inform the court at sentencing of "the impact of United States v. Simmons," 649 F.3d 237 (4th Cir. 2011) (en banc) on the question of whether Jones is a career offender under U.S.S.G. § 4B1.1. Jones's effective assistance claim requires that he show both deficient performance and prejudice. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984). He can show neither. First, this court sentenced Jones on June 29, 2011, and the Court of Appeals for the Fourth Circuit did not render its en banc decision in Simmons until August 17, 2011. Second, this court expressly did not sentence Jones as a career offender. Accordingly, the court denied his motion.

I.

On April 5, 2011, Jones pled guilty pursuant to a plea agreement to conspiring to distribute more than 100 grams of a mixture containing heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), which was subject to imprisonment of 5 to 40 years. The presentence report noted that among Jones's convictions were two North Carolina convictions in the Superior Court

of Cumberland County North Carolina that resulted in his classification as a career offender under § 4B 1.1 of the United States Sentencing Guidelines. Under that section:

> A defendant is a career offender if (1) the defendant was at least 18 years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

§ 4B 1.1(a). According to the presentence report, Jones's two qualifying offenses were possession with intent to manufacturer, sell, or deliver marijuana and conspiracy to commit robbery with a dangerous weapon. The presentence report noted that the offenses were committed on different dates and separated by an intervening arrest and that the Superior Court consolidated the matters for sentencing and imposed a sentence of 36 to 53 months for each. Jones's total offense level calculated under the career offender guidelines was 31 and, as with all career offenders, his criminal history category was automatically VI, producing a guideline custody range of 188 to 235 months.

Before sentencing, counsel did not object to the presentence report's determination that Jones was a career offender. At sentencing, however, Jones insisted, though he could not articulate his reasoning, that his North Carolina possession with intent to distribute marijuana conviction was not a felony. The court reviewed the North Carolina indictment for that offense and the consolidated sentencing order entitled "judgment and commitment, active punishment, felony" (which this court read to impose a sentence of 36 to 53 months for the two offenses) and concluded that the North Carolina marijuana offense was a felony and that Jones was a career offender. But despite that determination, to avoid sentencing disparities and to harmonize Jones's sentence with the sentences of his codefendants, the court varied Jones sentence, sentencing him to 125 months under a guideline range calculated without reference to the career

2

offender guideline. Jones did not appeal, but instead filed this § 2255 motion claiming his counsel rendered ineffective assistance in failing to challenge the determination that he was a career offender.

## II.

An individual who seeks to prove ineffective assistance of counsel must first show deficient performance, that is, that counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 687–91 (1984). Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance. Id. at 689. In addition to proving deficient performance, an individual asserting ineffective assistance must prove that he suffered prejudice. He must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. Jones can show neither.

Before the Fourth Circuit's en banc decision in Simmons, United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005), had held that "to determine whether a conviction is for a crime punishable by a prison term exceeding one year" under North Carolina law, a court should consider "the maximum *aggravated* sentence that could be imposed for that crime upon a defendant with the worst possible criminal history" and not the maximum sentence that could be imposed on the actual defendant being sentenced. Harp, 406 F.3d at 246–47 (emphasis in original). In Simmons, a panel decision rendered on February 16, 2011, reaffirmed the continuing vitality of the court's reasoning in Harp. However, the court granted a rehearing en banc, and, on August 19, 2011, held that whether a particular offense under North Carolina law was a "felony" must focus on the maximum sentence for which a particular defendant was eligible, in light of *his* criminal history and the nature of his offense, rather than the maximum

3

sentence that could have been imposed on a defendant with the worst possible criminal record. Simmons, 649 F.3d at 241–47.

In light of Jones's § 2255 proceeding, the court has once again reviewed the source documents it reviewed at sentencing when the court concluded that Jones's North Carolina possession with intent to distribute conviction qualified as a predicate offense under the career offender guideline, and it is not clear that the North Carolina Superior Court, in fact, sentenced Jones to more than twelve months for that offense. In light of recent precedent, the court is not still confident that the conviction qualifies as a predicate offense. Under the circumstances present here, however, the court finds no fault in counsel's failure to anticipate the overruling of circuit precedent, or in light of the fact that the court did not sentence Jones as a career offender, no fault in counsel's failure to say more about the matter. Simply put, Jones has demonstrated neither deficient performance nor prejudice, and the court will deny Jones's § 2255 motion.

## III.

For the reasons stated, the court will deny Jones's § 2255 motion.

**ENTER:** February 2, 2012.

_____
UNITED STATES DISTRICT JUDGE